IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JUAN DAVILA, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv557 |
| TINA BROWN, ET AL. | § | |

AMENDED REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Juan Davila, Jr., an inmate confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against Tina Brown, a Lieutenant at the unit; Warden Aaron Tompkins, and Sergeant Hunter Langley. In an amended complaint, plaintiff seeks a federal investigation into an alleged illegal drug ring at the LeBlanc Unit. Additionally, plaintiff seeks the reversal of three disciplinary actions.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

*Exhaustion*

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure which takes approximately 90 days to exhaust. The grievance procedures available for inmates confined in TDCJ-CID is outlined in the Offender Orientation Handbook. *See* http://www.tdcj.state.tx.us/publications/cid/publications-cid-offender-orientations-handbook.htm.

The first step of the grievance procedure, Step 1 (I-127 form), involves the prisoner submitting a grievance to the unit grievance coordinator. The Step 1 grievance must be submitted within 15 days from the date of the alleged incident. The unit grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The authorized decision maker for a Step 1 grievance is the warden or assistant warden. Step 1 of the grievance process may take up to 40 days from the date the unit grievance office receives the Step 1 form.

The second step of the grievance procedure, Step 2 (I-128 form), involves the prisoner submitting an appeal to the division grievance investigator at TDCJ-CID headquarters. The division grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The decision maker for a Step 2 grievance is the regional director or assistant director. The Step 2 process may take up to 35 days to provide a written response.

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), the Supreme Court recognized that the failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.*, 127 S.Ct. at 921. However, under *Jones*, if the complaint itself makes clear that the prisoner failed to exhaust administrative remedies, a district court *sua sponte* can dismiss the case prior to service on the defendants for failure to state a claim. *Carbe v. Lappin*, 492 F.3d 325, 327-328 (5th Cir. 2007).

Plaintiff complains of incidents which occurred between December 19, 2020 and December 29, 2020. Plaintiff's amended complaint, however, is dated January 7, 2021. Plaintiff as neither asserted nor demonstrated that he exhausted both steps of the available grievance procedure before he filed his complaint.

The Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382, 2387, 165 L.Ed.2d 368 (2006). The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory"). Accordingly, this complaint should be dismissed without prejudice for failure to state

a claim upon which relief may be granted. The dismissal should be without prejudice to plaintiff's ability to file a new complaint should he chose to do so.

*Failure to Allege Physical Injury*

Additionally, plaintiff's lawsuit should be dismissed because he has failed to allege the defendant's actions caused him to suffer a physical injury. Plaintiff filed this action seeking a preliminary injunction and temporary restraining order. However, 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In interpreting this statute, the Fifth Circuit has said that the physical injury must be more than *de minimis*, but need not be serious. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997).

As plaintiff has failed to allege any physical injury, he has failed to state a claim which satisfies the requirements of Section 1997e(e). Accordingly, the complaint should be dismissed.

## Recommendation

Plaintiff's complaint should be dismissed for failing to state a claim upon which relief may be granted.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 14th day of September, 2023.

_____
Zack Hawthorn
United States Magistrate Judge